**Slip Op. 14-67**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ASHLEY FURNITURE INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION,**<br><br>Defendants. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 13-00201** |

## OPINION AND ORDER

[Denying motion to stay]

Dated: June 17, 2014

*Jill A. Cramer*, *Kristin H. Mowry*, *Jeffrey S. Grimson*, *Sarah Wyss*, and *Rebecca M. Janz*, Mowry & Grimson, PLLC, of Washington, DC for plaintiff.

*Jessica R. Toplin* and *Courtney S. McNamara*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States. With them on the brief was Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was Andrew G. Jones, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

*Neal J. Reynolds*, Assistant General Counsel for Litigation, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.

Stanceu, Judge: In this action, plaintiff Ashley Furniture Industries, Inc. ("Ashley")

challenges certain determinations by the U.S. International Trade Commission ("ITC") and U.S.

Customs and Border Protection ("Customs" or "CBP") that denied plaintiff benefits under the

now-repealed Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA" or "Byrd

Amendment").[1]  Specifically, plaintiff brings various statutory and as-applied constitutional challenges to the ITC's determination not to include Ashley on a list of parties potentially eligible for "affected domestic producer" ("ADP") status under the CDSOA, which status could have qualified Ashley for distributions of antidumping duties collected under an antidumping duty order on imports of wooden bedroom furniture from the People's Republic of China ("China").[2]  Compl. ¶ 1 (May 14, 2013), ECF No. 4.  Plaintiff also brings various statutory and as-applied constitutional challenges to CBP's decision, which was based on the ITC's list of ADPs, to deny Ashley annual CDSOA distributions for Fiscal Year 2011 and Fiscal Year 2012. Compl. ¶ 5.

Before the court is plaintiff's motion to stay further proceedings in this case pending a resolution of a petition for a writ of certiorari to the U.S. Supreme Court in a case concerning the denial of Ashley's CDSOA distributions for Fiscal Year 2007 through Fiscal Year 2010.  Pl. Ashley Furniture Indus., Inc.'s Mot. to Continue the Stay of All Proceedings 1 (Feb. 13 2014), ECF No. 19 ("Pl.'s Mot.").  Defendant United States and defendant ITC oppose a stay.  Def.'s Resp. in Opp'n to Pl.'s Mot. to Stay 1 (Mar. 4, 2014), ECF No. 20 ("Defs.' Opp'n").

---

[1] Pub. L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75, 19 U.S.C. § 1675c (2000), *repealed by* Deficit Reduction Act of 2005, Pub. L. 109-171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).

[2] Under the CDSOA, parties with ADP status are eligible to receive an annual distribution of funds from assessed antidumping and countervailing duties as reimbursement for qualifying expenses.  19 U.S.C. § 1675c(a) (2006).  ADP status is limited to petitioners and interested parties that, "by letter or through questionnaire response," indicated support for the petition that gave rise to the pertinent antidumping or countervailing duty order. *Id.* § 1675c(b)(1), (d)(1).  Within sixty days after an order is issued, the ITC prepares a list of ADPs associated with the order and forwards it to Customs, which then publishes the list in the Federal Register. *Id.* § 1675c(d)(1).  Customs is then responsible for making the annual distributions to the eligible ADPs on the ITC's list, which it does from special accounts containing the duties collected on a particular order. *Id.* § 1675c(d)(3), (e).

Also before the court is plaintiff's motion to supplement the motion to stay with additional exhibits demonstrating Ashley's intent to file a petition for a writ of certiorari to the Supreme Court. Pl. Ashley Furniture Indus., Inc.'s Mot. to Supplement its Feb. 13, 2014 Mot. to Continue the Stay of All Proceedings 1, ECF No. 21. Defendants also oppose this motion. Defs.' Resp. in Opp'n to Pl.'s Mot. to Supplement its Mot. to Stay 1, ECF No. 22. Because the relevant petition has been filed with the Supreme Court, the court denies as moot plaintiff's motion to supplement.

For the reasons discussed herein, the court denies plaintiff's motion to stay these proceedings.

## I. BACKGROUND

In 2003, the ITC conducted an investigation to determine whether imports of wooden bedroom furniture from China were causing or threatening to cause material injury to a domestic industry. Compl. ¶ 23. During this investigation, the ITC distributed questionnaires to potential ADPs, including Ashley. Compl. ¶ 24. In its response, Ashley indicated that it did not support the petition that resulted in the antidumping duty order that was eventually imposed on imports of wooden bedroom furniture from China.[3] *Id.* As a result of this response, the ITC did not include Ashley on the list of ADP's potentially eligible for CDSOA distributions under the order. Compl. ¶ 5. On June 18, 2011, Ashley filed a certification with Customs requesting CDSOA distributions for Fiscal Year 2011, which Customs subsequently denied. Compl. ¶ 8. On July 19, 2012, Ashley filed another certification with Customs, this time requesting CDSOA distributions for Fiscal Year 2012, which Customs also denied. Compl. ¶ 9.

---

[3] *See Notice of Amended Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Jan. 4, 2005).

Plaintiff commenced this action on May 14, 2013. Summons, ECF No. 1; Compl. On May 28, 2013, the court granted defendants' unopposed motion to stay these proceedings pending issuance of a mandate by the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") in *Ashley Furniture Indus., Inc. v. United States*, CAFC Court No. 2012-1248. Order (May 28, 2013), ECF No. 10. That case concerned an appeal of this Court's decision in *Ashley Furniture Indus., Inc. v. United States*, 36 CIT __, 818 F. Supp. 2d 1355 (2012) ("*Ashley I*"), in which the Court dismissed Ashley's claims challenging the denial of CDSOA distributions for Fiscal Year 2007 through Fiscal Year 2010. On August 19, 2013, the Court of Appeals decided *Ashley Furniture Indus., Inc. v. United States*, 734 F.3d 1306 (Fed. Cir. 2013) ("*Ashley II*"), a consolidated opinion affirming the judgments in *Ashley I* and in *Ethan Allen Global, Inc. v. United States*, 36 CIT __, 816 F. Supp. 2d 1330 (2012), which involved claims similar to those in *Ashley I*. After denying petitions for rehearing en banc, the Court of Appeals issued its mandate in *Ashley II* on January 10, 2014.

Plaintiff filed its motion to stay these proceedings on February 13, 2014, Pl.'s Mot. 1, to which defendants filed an opposition on March 4, 2014, Defs.' Opp'n 1. On May 2, 2014, Ashley filed a petition for a writ of certiorari seeking Supreme Court review of the decision of the Court of Appeals in *Ashley II*. *See* Pet. for a Writ of Certiorari, U.S. Sup. Ct. Docket No. 13-1367.

## II. Discussion

The court has jurisdiction over this matter pursuant to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i)(4) (2006). The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*,

299 U.S. 248, 254 (1936) ("*Landis*").  Decisions concerning when and how to stay a case rests "within the sound discretion of the trial court."  *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).  In exercising that discretion, the court must "weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 257.

Plaintiff has failed to demonstrate that the current circumstances weigh in favor of a stay.  Plaintiff contends that a stay is warranted in this instance because, in plaintiff's view, the outcome of Ashley's petition for a writ of certiorari for review of *Ashley II* "will have a direct impact on the above-captioned matter."  Pl.'s Mot. 2.  This is because, according to plaintiff, "the factual circumstances and legal issues underlying all of these cases are substantially similar" and Ashley's petition for a writ of certiorari to review *Ashley II* "could result in a substantive opinion on the merits by the Supreme Court."  *Id.*

Plaintiff's argument that the petition "will have a direct impact on the above-captioned matter" is mere speculation.  The court can have no assurance that the Supreme Court is likely to grant Ashley's petition.  Plaintiff, therefore, has not shown that a stay of this action would promote judicial economy and efficiency rather than simply cause delay.

### III.  CONCLUSION AND ORDER

Upon consideration of all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion to stay further proceedings in this case is denied.


/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 17, 2014
        New York, New York